UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80027-AMC

MAXIMINO CUEVAS, JR.,

        Plaintiff,

vs.

ABBEY DELRAY SOUTH,

        Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF No. 9]

Defendant Abbey Delray South ("Abbey Delray") moves to dismiss Plaintiff Maximino Cuevas, Jr.'s Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). ECF No. 9. I have reviewed the Motion, Mr. Cuevas' Response (ECF No. 10), Abbey Delray's Reply (ECF No. 14), and Mr. Cuevas' Supplemental Response (ECF No. 16). For the reasons stated below, the Motion should be **GRANTED**.

## BACKGROUND

On October 17, 2022, Mr. Cuevas filed a Complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, alleging that he was discriminated against due to a disability. ECF No. 1-2 at 7. After the initial complaint was dismissed, Mr. Cuevas filed an amended complaint which specified, for the first time, that he brought his claim pursuant to "Title VII of the 1964 Civil Rights [Act]

and the Americans with Disabilities Act." ECF No. 1-2 at 30. Based on Mr. Cuevas' clarification, Abbey Delray removed the case to federal court. ECF No. 1 at 2. On January 11, 2023, the Court sua sponte dismissed the Amended Complaint as a shotgun pleading and granted Mr. Cuevas "one final opportunity to file an amended pleading in accordance with this Order." ECF No. 5. The Court specifically required any amended pleading to:

   a. contain a short and plain statement of the claim(s) clearly explaining what Defendant did in reference to each claim, providing supporting facts to show why Defendant is being sued, and identify clearly the legal basis underlying each count asserted and why Plaintiff is entitled to relief on each count asserted;

   b. and include numbered allegations.

ECF No. 5 at 2. Mr. Cuevas filed a second amended complaint on January 31, 2023 ("SAC"). ECF No. 6. The SAC alleges that Mr. Cuevas is a maintenance technician with Parkinson's Disease. *Id.* at 1-2. It alleges that Abbey Delray, its maintenance director, and its skilled nursing facilities administrator had Mr. Cuevas "removed, replaced, and transferred in an unfavorable manner because of [his] disability." *Id.* at 1. Mr. Cuevas claims he was told that a co-worker volunteered to take his position and that Abbey Delray's skilled nursing facilities administrator "called for the transfer because he thought [the co-worker] was physically more able and capable to handle the maintenance related matters." *Id.* Mr. Cuevas claims he was never written up for maintenance negligence and that he has been through state surveys and audits where Abbey Delray received a good maintenance score. *Id.* at 2. Mr. Cuevas seeks

"back pay due to lost wages, front pay because of time spent [without] employment and emotional harm, pain, and suffering caused by the discrimination." *Id.*

## PARTIES ARGUMENTS

Abbey Delray contends the SAC should be dismissed as a shotgun pleading and for failure to comply with the Court's January 11, 2023, Order because it fails to break the allegations into separately numbered paragraphs consisting of a single set of circumstances. ECF No. 9 at 1, 5-7. Abbey Delray further argues the SAC should be dismissed because it fails to identify the statutory basis for the action and otherwise fails to state a claim for disability discrimination. *Id.* at 8-11. Abbey Delray contends that the SAC should be dismissed with prejudice because Mr. Cuevas has failed to plead a viable cause of action despite three opportunities to do so and claims it would be futile to grant him another opportunity to amend. *Id.* at 11-12.

Mr. Cuevas' response fails to respond to Abbey Delray's shotgun pleading argument but asks that the Court allow his complaint to stand. ECF No. 10. He clarifies that he is pursuing his claim pursuant to the Americans with Disabilities Act and provides additional unpled facts in support of his claim. *Id.*

## LEGAL STANDARDS

1. <u>Rule 8 and Shotgun Pleadings</u>

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a claim must provide the defendant fair notice of

3

plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

In addition to the Rule 8 pleading requirements, Federal Rule of Civil Procedure 10(b) says in pertinent part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 729 F.3d 1313, 1320 (11th Cir. 2015). "When a plaintiff files a shotgun complaint, a district court is required to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e)." *McFee v. Carnival Corp.*, No. 19-22917-CIV, 2019 WL 13189061, at *5 (S.D. Fla. Sept. 16, 2019) (J. Lenard) (emphasis in original).

In *Weiland*, the Court of Appeals noted "four rough types or categories of shotgun pleadings." 792 F.3d at 1321. The categories include: (1) "a complaint

4

containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief," and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. The common theme among all shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

2. Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. The scope of the court's review on a motion to dismiss is limited to the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint. *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (J. King).

Courts should construe a pro se litigant's complaint more liberally than formal pleadings drafted by lawyers. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). But that leniency "does not give a court license. . . to rewrite an otherwise deficient pleading in order to sustain an action." *Moskovits v. Aldridge Pite, LLP*, 677 Fed. Appx. 510, 519 (11th Cir. 2017) (quotations omitted). "Despite liberal pleading standards for *pro se* litigants, the Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.*, No. 14-CIV-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014) (Bloom, J.) (quotations omitted). The court cannot simply "fill in the blanks" to state a claim, and "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Id.* (quotations omitted); *Richardson v. Route 1, Inc.*,

No. 12-CV-2888, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013) ("This Court is not duty bound to scrutinize [*pro se* plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support.")

## DISCUSSION

### i. Shotgun Pleading

The SAC should be dismissed as a shotgun pleading. Even giving the SAC the liberal reading required of a *pro se* pleading, it fails to provide a short and plain statement of the claim, as required by Rule 8, and includes vague and conclusory allegations that are not clearly tied to any particular cause of action. For example, the SAC fails to identify Mr. Cuevas' legal theory or the statute under which he proceeds. "Without the statutory basis, the Court cannot determine whether the Amended Complaint states a claim as a matter of law." *See Briseus v. JPMorgan Chase Bank, N.A.*, No. 18-CV-80671, 2018 WL 3586140, at *3 (S.D. Fla. July 16, 2018) (J. Bloom). In addition, the SAC provides no factual support for its conclusory allegation that Mr. Cuevas' transfer was discriminatory. These pleading deficiencies impede the Court's ability to assess Mr. Cuevas' claim and fail to give Abbey Delray adequate notice of the claim against them and the grounds upon which the claim rests.[1]

---

[1] The SAC's request for front pay "because of time spent without employment" further confuses the Court's ability to assess the nature of Mr. Cuevas' claim. The SAC does not state that Mr. Cuevas was ever without employment.

The SAC also fails to state Mr. Cuevas' claim in numbered paragraphs limited as far as practicable to a single set of circumstances as required by Rule 10. Instead, the two-page SAC consists of a single paragraph narrative alleging conclusory allegations of discrimination. Mr. Cuevas' failure to abide by the requirements of Rule 10 render the SAC confusing and reinforce his failure to provide Abbey Delray adequate notice of his claim.

Although the Court is required to liberally construe Mr. Cuevas' *pro se* pleading, he is nevertheless required to conform to procedural rules. *See Albra*, 490 F.3d at 829 (citation omitted); *see also Schmitz v. Walgreens Co.*, No. 17-80478-CIV, 2017 WL 10403449, at *2 (S.D. Fla. Aug. 2, 2017) (J. Marra). He has failed to do so. Accordingly, the SAC should be dismissed as a shotgun pleading.[2] *See Giles v. Wal-Mart Dist. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (affirming district court's dismissal of a *pro se* amended complaint where the amended complaint consisted of "a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential

---

[2] Notably, Mr. Cuevas attempts to remedy some of the SAC's pleading deficiencies in his response to the Motion by identifying the statutory basis for his claim and alleging additional facts in support of his claim. However, Mr. Cuevas cannot amend his complaint through his response to the motion to dismiss. *See Noon v. Carnival Corp.*, No. 18-23181-CIV, 2018 WL 6807377, at *5 (S.D. Fla. Oct. 10, 2018) (J. Torres) (citations omitted), *report and recommendation adopted*, 2018 WL 6807318 (S.D. Fla. Oct. 26, 2018) (J. Williams). Additionally, even if the Court could consider the unpled facts discussed in his response, the SAC would still fail to provide a short and plain statement of his claim and comply with the requirements of Rule 10.

claims"); *see also Darby v. United Auto Ins. Co.*, No. 20-22777-CIV, 2020 WL 3977176, at *3 (S.D. Fla. July 14, 2020) (J. Moreno).

    ii.    <u>Dismissal with Prejudice</u>

The SAC should be dismissed with prejudice. *See e.g.*, *Gendron v. Connelly*, No. 22-13865, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (holding that the district court did not abuse its discretion by dismissing *pro se* plaintiff's amended complaint with prejudice on shotgun pleading grounds); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (holding that the district court has the authority to dismiss a complaint solely on the basis that it is a shotgun pleading). When dismissing Mr. Cuevas' prior complaint, the Court offered Mr. Cuevas one final opportunity to amend. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (bracket in original) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)). In that same Order, the Court explained how the complaint violated the shotgun pleading rules and warned Mr. Cuevas that failure to comply with the Order's requirements may result in dismissal of the case.

Despite this warning, Mr. Cuevas failed to follow the Court's instructions and filed another pleading that violated the procedural requirements of Rules 8 and 10. Because Mr. Cuevas was already provided an opportunity to amend his complaint and he does not ask for an additional opportunity to do so, the Court is not required

to offer Mr. Cuevas yet another opportunity to amend. *Gendron*, 2023 WL 3376577, at *2 (citations omitted). Thus, the SAC should be dismissed with prejudice as a shotgun pleading. *See id.*

Because the SAC should be dismissed as a shotgun pleading, I need not reach the parties alternative arguments for dismissal. *See Curfman v. Ocwen Fin. Servicing, LLC*, No. 19-80408-CV, 2019 WL 13089701, at *2 (S.D. Fla. Sept. 10, 2019) (J. Middlebrooks).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss the Second Amended Complaint with prejudice (ECF No. 9).

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of June 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE