UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80027-CIV-CANNON/Reinhart

**MAXIMINO CUEVAS, JR.**,

    Plaintiff,

v.

**ABBEY DELRAY SOUTH**,

    Defendant.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 18]

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss the Second Amended Complaint (the "Report") [ECF No. 18], filed on June 8, 2023.  On February 14, 2023, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [ECF No. 9].  On June 8, 2023, following referral, Judge Reinhart issued a Report recommending that the Motion be granted [ECF No. 18 pp. 1, 10].  Plaintiff filed Objections to the Report [ECF No. 19], and Defendant filed a Response to Plaintiff's Objections [ECF No. 20].  Following review, the Report [ECF No. 18] is **ACCEPTED**; Defendant's Motion is **GRANTED** [ECF No. 9]; and Plaintiff's Second Amended Complaint [ECF No. 6] is **DISMISSED WITH PREJUDICE**.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court

reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Court has conducted a *de novo* review of the Report [ECF No. 18], Plaintiff's Objections [ECF No. 19], Defendant's Response to Plaintiff's Objections [ECF No. 20], and the full record. Upon review of the foregoing materials, the Court finds Judge Reinhart's Report to be well-reasoned and correct.

The Report recommends that the Court dismiss the Second Amended Complaint because it is an impermissible shotgun pleading that does not comport with the basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure [ECF No. 18 p. 7]. Judge Reinhart correctly explains that Plaintiff's Second Amended Complaint "includes vague and conclusory allegations that are not clearly tied to any particular cause of action"; fails to identify Plaintiff's "legal theory or the statute under which he proceeds"; and does not provide "factual support for its conclusory allegations that [Plaintiff's] transfer was discriminatory" [ECF No. 18 p. 7]. Further, the Report notes that the Second Amended Complaint "fails to state [Plaintiff's] claim in numbered paragraphs" and instead is comprised of "a single paragraph narrative alleging conclusory allegations of discrimination" [ECF No. 18 p. 8]. The Report recommends that the Court dismiss the Second Amended Complaint with prejudice because the Court previously gave Plaintiff one final opportunity to amend following the Court's dismissal of the Amended Complaint on shotgun pleading grounds [*see* ECF No. 5].[1] The Court's Order instructed Plaintiff that failure to file a

---

[1] Plaintiff filed his initial complaint in state court in October 2022 [ECF No. 1-2 pp. 2, 7–8]; he then amended that complaint in December 2022 in state court, prior to removal [ECF No. 1-2

complaint in accordance with the Court's Order would result in dismissal [ECF No. 5 p. 2], yet Plaintiff failed to correct those pleading deficiencies.

Plaintiff timely objections to the Report [ECF No. 19], but the Objections are conclusory and make no attempt to object to a specific portion of the Report or to respond to the Report's sound determination that the Second Amended Complaint is a shotgun pleading [*see* ECF No. 19]. At most, Plaintiff contends that his "allegations are 'more than just labels and conclusions' and speculation," and that if his case were to proceed to trial, "[t]here are witnesses and written documents to prove [his] allegation[s] took place" [ECF No. 19 p. 1].

Upon review of the Report and the full record, the Court agrees that Plaintiff's Second Amended Complaint is an impermissible shotgun pleading [*see* ECF No. 18 pp. 7–9]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); Fed. R. Civ. P. 8(a)(2); Fed R. Civ. P. 10(b). Although mindful that courts afford *pro se* litigants leeway in pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are nevertheless required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Courts do not have license to rewrite an otherwise deficient pleading, *GJR Invs., Inc., v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). The Court has considered Plaintiff's generalized Objections [ECF No. 19] but finds no basis therein to reject or modify the Report.[2]

---

pp. 29–31]; and then he amended a second time after being given one final opportunity to amend by this Court [ECF Nos. 5, 6].

[2] The Court also denies Plaintiff's conclusory request to amend his Complaint for a third time [ECF No. 19 p. 1]. First, the Court's prior Order Dismissing the Amended Complaint warned Plaintiff that filing a Second Amended Complaint would be his final opportunity to amend his pleadings [ECF No. 5 p. 2]. Second, Plaintiff previously amended his complaint in state court, bringing to three the total number of complaints in this action. *Supra* note 1. Third, Plaintiff made no request to amend when he opposed Defendant's Motion [ECF No. 10], electing instead to include his amendment request in his conclusory objection to the Report [ECF No. 19]. And fourth, even in the objection itself, Plaintiff still fails to identify what allegations he would add to

CASE NO. 23-80027-CIV-CANNON/Reinhart

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 18] is **ACCEPTED**.

2. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 9] is **GRANTED**.

3. Plaintiff's Second Amended Complaint [ECF No. 6] is **DISMISSED WITH PREJUDICE**.

4. The Clerk is instructed to **CLOSE** this case.

5. The Clerk is directed to mail a copy of this Order to Plaintiff at the address listed below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of August 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: Maximino Cuevas, Jr.
P.O. Box 17581
West Palm Beach, Florida 33416
maxcuevasjr@gmail.com
PRO SE

---

the current pleading or how he intends to amend his pleading to avoid the well-described shotgun pleading issues noted in the Report [ECF No. 18 pp. 7–8].